On June 24, 2016, the city of Fitchburg, acting through its board of health and fire department (city), filed a "petition to enforce the State sanitary code and for the appointment of a receiver" in the Worcester County Division of the Housing Court Department. The city sought as its sole claim for relief the appointment of a receiver to enforce the State sanitary code in a multifamily property owned by the defendant. The defendant filed an opposition to the petition on July 20, 2016.
On July 20, 2016, a judge issued a preliminary injunction directing the defendant to hire a management company approved by the city to correct all "sanitary and building code violations," to maintain the property in compliance with the codes, and to "curtail criminal activity at the property." The judge also scheduled a review hearing. The city later filed a complaint for contempt on August 30, 2016, due to the defendant's failure to retain an acceptable management company. Following the review hearing held on September 23, 2016, at which the judge again granted the defendant's request for more time to find a management company, the judge on October 25, 2016, issued an order appointing Ted Construction as receiver.[3] The receiver took possession of the property and, to date, the administration of the receivership continues in the Housing Court. The defendant filed a timely notice of appeal.[4]
Although the defendant appealed from the judge's October 25, 2016, order appointing a receiver, he has explicitly waived any argument as to the propriety of that order. Given his failure to address the issue on appeal, as well as his express waiver in his brief, we deem the issue waived. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).
Instead, the defendant purports to appeal from actions the judge and the receiver took since the October 25, 2016, order. Of those issues, the only one properly before us is the propriety of the judge's decision to appoint this particular receiver, as the defendant raised that issue in his motion for reconsideration.
"Generally, the appointment of a receiver rests in the sound discretion of the court." Falmouth Natl. Bank v. Cape Cod Ship Canal Co., 166 Mass. 550, 568 (1896). A court will resort to receivership only in cases where "[t]he more usual remedies [such as contempt proceedings or injunctions] ... are inadequate." Perez v. Boston Hous. Authy., 379 Mass. 703, 736 n.32 (1980), quoting from Morgan v. McDonough, 540 F.2d 527, 533 (1st Cir. 1976), cert. denied, 429 U.S. 1042 (1977). As such, receivership is "sparingly invoked." Lopez v. Medford Community Center, Inc., 384 Mass. 163, 169 (1981).
The defendant appears to make two arguments as to why the judge erred in appointing Ted Construction as receiver. First, he argues that the receiver's appointment violates a city ordinance that he claims mandates that property managers or landlords live within twenty miles of the city. We note that the defendant has not provided a copy of the ordinance and that a local ordinance is not "an appropriate subject of judicial notice." Lawrence v. Falzarano, 380 Mass. 18, 25 n.10 (1980). See Mass. G. Evid. § 202(c) (2018). Nevertheless, as the city notes, any such ordinance would apply exclusively to property managers and landlords, not to court-appointed receivers.
Second, the defendant claims error in the appointment of Ted Construction as receiver because it advertises itself as a builder of single-family homes, whereas the defendant's property is a five-family home. We see no abuse of the judge's discretion. The defendant experienced considerable difficulty in finding a management company willing to take on his property, as evidenced by the defendant's repeated requests for more time to locate an acceptable manager.[5] Furthermore, from the standpoint of building and sanitary code compliance, a building with multiple residential units is not materially different from a single-family home.[6]
Judgment affirmed.
Order denying motion for reconsideration affirmed.

In her order, the judge concluded that the defendant "has failed to address the sanitary and building code violations that render the Property concerns for public health and safety ... [and] [t]o date, the [defendant] has failed to undertake or is not capable of undertaking the repairs required to bring the Property into compliance with the Code."

The defendant also appeals from the order denying his motion for reconsideration.

The city rejected the defendant's proposed management company due to its poor history when acting as a receiver.

The remaining arguments are not before us as they concern conduct that postdates the notice of appeal. As the city notes, other than the motion for reconsideration, the defendant's record appendix contains only documents that postdate the notice of appeal and are, therefore, not properly part of the record on appeal.